## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| TAMBERLY T. BROCKMAN, on behalf of herself and others similarly situated, | Civil Action No.: |
| Plaintiff, | **COMPLAINT--CLASS ACTION** |
| v. | **JURY TRIAL DEMANDED** |
| MANKIN LAW GROUP, P.A., | |
| Defendant. | |

### Nature of Action

1. This is a class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, for the benefit of Florida consumers who have been the subject of debt collection efforts by Mankin Law Group, P.A. ("Defendant").

2. Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

3. As the Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—once explained, "[h]armful debt collection practices remain a significant concern today. In fact, the CFPB receives more consumer complaints about debt collection practices than about any other issue."[1]

---

[1] *See* Brief for the CFPB as Amicus Curiae, Dkt. No. 14, p. 10, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014),

4. Nearly half of the debt collection complaints received by the CFPB involve debt collectors' attempts to collect debts that consumers did not owe.[2]

5. To combat this serious ongoing problem in the debt collection industry, the FDCPA requires debt collectors to send consumers "validation notices" at the outset of the relationship, which contain certain information about consumers' alleged debts and their rights with respect to those debts. 15 U.S.C. § 1692g(a).

6. A debt collector must send this notice "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt," unless the required information was "contained in the initial communication or the consumer has paid the debt." *Id.* at § 1692g(a).

7. As noted by the CFPB and the Federal Trade Commission, "this validation requirement was a 'significant feature' of the law that aimed to 'eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.'" *Hernandez*, No. 14-15672, at 5 (quoting S. Rep. No. 95-382, at 4 (1977)).

8. A debt collector does not comply with section 1692g "merely by inclusion of the required debt validation notice; the notice Congress required must be conveyed effectively to the debtor." *Swanson v. S. Or. Credit Serv., Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1988).

9. To be effective, the notice must state consumers' rights clearly and must not be overshadowed or contradicted by other messages or notices appearing in the initial

---

http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf (last visited January 4, 2019).

[2] *See* Bureau of Consumer Financial Protection, *Fair Debt Collection Practices Act — CFPB Annual Report 2020* at 14 (2020), https://files.consumerfinance.gov/f/documents/cfpb_fdcpa_annual-report-congress_03-2020.pdf (last visited April 13, 2020).

communication from the collection agency. *See Savino v. Computer Credit, Inc.*, 164 F.3d 81, 85 (2d Cir. 1998) ("A debt collection notice is overshadowing or contradictory if it fails to convey the validation information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to her rights.").

10. This case centers on Defendant's failure to effectively provide the disclosures required by 15 U.S.C. § 1692g in its initial written communications to Florida consumers, or within five days thereafter.

**Parties**

11. Tamberly T. Brockman ("Plaintiff") is a natural person who at all relevant times resided in Pinellas County, Florida.

12. Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

13. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, assessments due to a community association (the "Debt").

14. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

15. Defendant is a law firm with principal offices in Pinellas County, Florida.

16. Defendant "is comprised of 3 attorneys and 9 full-time legal assistants/paralegals providing legal representation to Homeowner and Condominium Associations in the collection of delinquent assessments," boasting of representing "over 600 Homeowner and Condominium Associations throughout the state" from its office in Clearwater, Florida.[3]

---

[3] *See* https://mankinlawgroup.com/legal-services/ (last visited April 13, 2020).

17. Defendant's mission "is to ensure financial stability for Condominium and Homeowners Associations by offering aggressive and cost-effective collection services."[4]

18. Defendant prides itself on being "effective in collections for Homeowner and Condominium Associations since 1986":

> We strive to handle all collection matters in a timely and efficient manner. In addition, we provide our clients with up-to-date information regarding each account and the actions being undertaken. Our unique contingency business model features zero up-front costs. This allows our Associations the ability to pursue delinquent owners aggressively, without placing a financial burden on their communities.[5]

19. Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

20. Upon information and belief, at the time Defendant attempted to collect the Debt from Plaintiff, the Debt was in default, or Defendant treated the Debt as if it were in default from the time that Defendant acquired it for collection.

21. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

22. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

23. Defendant identified itself as a debt collector to Plaintiff, as shown below.

24. On its website, Defendant also holds itself out as a debt collector: "This law firm may be deemed a 'debt collector' under the Fair Debt Collection Practices Act. All information

---

[4] *See* https://mankinlawgroup.com/ (last visited April 13, 2020).

[5] *See* https://mankinlawgroup.com/legal-services/ (last visited April 13, 2020).

4

obtained from communications to us by telephone, written correspondence, or through this website may be used for the purpose of collecting a debt."[6]

## Jurisdiction and Venue

25. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

26. Venue is proper before this Court under 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claims occurred in this district and as Defendant has its principal place of business in this district.

## Factual Allegations

27. On or about July 29, 2019, Defendant sent a written communication to Plaintiff in connection with the collection of the Debt.

28. A true and correct copy of the July 29, 2019 communication to Plaintiff is attached as Exhibit A.

29. This July 29 communication to Plaintiff was the first communication Plaintiff received from Defendant.

30. Plaintiff did not receive any other communication from Defendant within five days of the July 29 communication.

31. Defendant's July 29 communication begins: "This letter is to inform you a Claim of Lien has been filed against your property because you have not paid the assessment balance due to Countryside North Community Association, Inc." Ex. A at 1.

32. At the bottom of the page, as well as on the next page, Defendant's July 29 letter states in bold, capitalized letters: "**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR**." *Id.* at 1-2.

---

[6] *See* https://mankinlawgroup.com/ (last visited April 13, 2020).

33. The second page of Defendant's letter provides payment instructions and warns in bold, underlined letters: "**<u>We do not accept credit or debit cards, telephonic payments, or payments in our office.</u>**" *Id*. at 2.

34. Significantly, the letter then continues, "All disputes must be in writing." *Id.*

35. Defendant goes on to warn: "Our office does not make outgoing calls due to the Fair Debt Collection Practices Act, and any messages left will not be returned." *Id.*

36. In the final paragraph before the signature of Melissa A. Mankin, Esq., Defendant advises: "In accordance with Florida Statutes payments will be applied first to accrued interest, then to any administrative late fee, then to any costs and reasonable attorney's fees incurred, and then to the delinquent assessment. Partial payments will not satisfy the lien." *Id.*

37. On the third page, Defendant separately provides Plaintiff a validation notice under the heading, "**<u>NOTICE ERQUIRED BY THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 AS AMENDED</u>**." *Id.* at 3.

38. Underneath this validation notice, Defendant states: "This is an attempt to collect a debt, and any information obtained will be used for that purpose. This is a communication from a debt collector." *Id.*

39. At the bottom of the page, Defendant instructs that "[w]ritten requests should be addressed to" its offices in Clearwater, Florida. *Id.*

## Class Action Allegations

40. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of:

> All persons (a) with a Florida address, (b) to whom Mankin Law Group, P.A. mailed an initial debt collection communication not known to be returned as undeliverable, (c) in connection with the collection of a consumer debt, (d) in the

one year preceding the date of this complaint, (e) that stated: "All disputes must be in writing."

41. Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had controlling interests.

42. The class satisfies Rule 23(a)(1) because, upon information and belief, it is so numerous that joinder of all members is impracticable.

43. The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

44. The class is ascertainable because it is defined by reference to objective criteria.

45. In addition, upon information and belief, the names and addresses of all members of the proposed class can be identified through business records maintained by Defendant.

46. The class satisfies Rules 23(a)(2) and (3) because Plaintiff's claims are typical of the claims of the members of the class.

47. To be sure, Plaintiff's claims and those of the members of the class originate from the same standardized initial debt collection letter utilized by Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each member of the class.

48. Plaintiff satisfies Rule 23(a)(4) because she will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

49. Plaintiff has no interests that are contrary to or in conflict with the members of the class that she seeks to represent.

50. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since, upon information and belief, joinder of all members is impracticable.

51. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation could make it impracticable for the members of the class to individually redress the wrongs done to them.

52. There will be no unusual difficulty in the management of this action as a class action.

53. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

54. Among the issues of law and fact common to the class are:

   a. Defendant's violations of the FDCPA as alleged herein;

   b. whether Defendant is a debt collector as defined by the FDCPA;

   c. whether Defendant's demand for written disputes violates 15 U.S.C. § 1692g(b) and/or 15 U.S.C. § 1692g(a)(3) and/or 15 U.S.C. § 1692e;

   d. the availability of statutory penalties; and

   e. the availability of attorneys' fees and costs.

**Count I: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(a)(3)**

55. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 54 above.

56. The FDCPA at 15 U.S.C. § 1692g(a)(3) provides:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following

8

information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

\* \* \* \*

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

57. On page 3 of its July 29 letter to Plaintiff, Defendant states: "If you do not dispute the validity of the Debt, or any portion thereof, within thirty (30) days after receiving this notice, then Mankin Law Group will assume the Debt is valid." Ex. A at 3.

58. However, on the previous page, Defendant's July 29 letter specifically warns that "[a]ll disputes must be in writing." *Id.* at 2.

59. Important, then, is that the FDCPA specifically allows for written *and oral* disputes concerning consumer debts, as the Third Circuit Court of Appeals reiterated just last month. *Riccio v. Sentry Credit, Inc.*, --- F.3d ----, 2020 WL 1527072, at \*3 (3d Cir. March 30, 2020) ("The upshot: § 1692g(a)(3)'s plain meaning permits a debtor to dispute a debt orally.").

60. By requiring disputes to be in writing, Defendant encouraged consumers like Plaintiff to forego their rights under the statute to dispute their debts orally.

61. Defendant's July 29 letter thus violated the FDCPA at section 1692g(a)(3) for providing ineffective notice of Plaintiff's dispute rights.

62. The harm suffered by Plaintiff is particularized in that the violative initial debt collection letter at issue was sent to her personally, regarded her personal alleged debt, and failed to effectively provide her the statutorily-mandated disclosures to which she was entitled.

63. Section 1692g furthers the purpose of protecting debtors from abusive debt collection activity by requiring a debt collector who solicits payment from a consumer to provide

that consumer with a detailed validation notice, which allows a consumer to confirm that he owes the debt sought by the collector before paying it.

64. And the content of Defendant's July 29 letter created a material risk of harm to the concrete interest Congress was trying to protect in enacting the FDCPA.

65. Specifically, when a consumer is given her statutory validation rights but simultaneously instructed to *only* make disputes in writing, she is likely to forego her oral validation rights as a result of Defendant's demands.

66. That is, Defendant's demand for written disputes posed a risk of harm to Plaintiff's interest in determining how best to proceed with the alleged Debt and required her to mail to Defendant any dispute she had.

67. Indeed, Plaintiff prepared a written dispute to Defendant dated August 12, 2019 and suffered actual damages by paying postage to mail this dispute to Defendant's offices.

68. What's more, Defendant's actions invaded a specific private right created by Congress, and the invasion of said right creates the risk of real harm. *See Church v. Accretive Health, Inc.*, 654 F. App'x 990, 995 (11th Cir. 2016).

**Count II: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(b)**

69. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 54 above.

70. The FDCPA at 15 U.S.C. § 1692g(b) provides:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not

> otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. *Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.*

(emphasis added).

71. The manner in which Defendant conveyed the validation notice required by 15 U.S.C. § 1692g(a) was ineffective, as Defendant's simultaneous requirement for all disputes to be made in writing was inconsistent with, and overshadowed and contradicted, the statutory notice.

72. In the alternative, Defendant, through its communication, failed to explain an apparent, though not actual, contradiction that its letter creates regarding statutorily-mandated disclosures that Defendant was required to provide to Plaintiff.

73. Specifically, while Defendant included the validation notice required by 15 U.S.C. § 1692g(a) with the appropriate verbiage concerning Defendant's assumption of the validity of the Debt absent dispute within 30 days, Ex. A at 3, in that same communication, Defendant also specifically stated that "[a]ll disputes must be in writing." *Id.* at 2.

74. This statement was buttressed by Defendant's simultaneous warnings that its office does not make outgoing calls on account of the FDCPA, that any messages left by consumers would not be returned, and that it does not accept telephonic payments. *Id.*

75. As a result, the least sophisticated consumer, upon receiving Defendant's July 29, 2019 letter, would (wrongly) believe that her only means of disputing her debt is to submit a *written* dispute to Defendant, which is more costly and time-consuming than simply picking up the telephone to dispute the debt orally.

76. Defendant's July 29 letter accordingly violated the FDCPA at section 1692g(b).

77. The harm suffered by Plaintiff is particularized in that the violative initial debt collection letter at issue was sent to her personally, regarded her personal alleged debt, and failed to effectively provide her statutorily-mandated disclosures to which she was entitled.

78. Section 1692g furthers the purpose of protecting debtors from abusive debt collection activity by requiring a debt collector who solicits payment from a consumer to provide that consumer with a detailed validation notice, which allows a consumer to confirm that he owes the debt sought by the collector before paying it.

79. And the content of Defendant's July 29 letter created a material risk of harm to the concrete interest Congress was trying to protect in enacting the FDCPA.

80. Specifically, when a consumer is informed on the one hand that she may dispute her debt (without restrictions) within 30 days of receiving the debt collection letter, but also that she must submit any such dispute in writing to Defendant, she is left with the distinct impression that telephonic disputes are *not* allowed—even though the FDCPA says otherwise. 15 U.S.C. § 1692g(a)(3); *Riccio*, 2020 WL 1527072, at *3.

81. And here, Plaintiff chose to dispute her Debt and did so—as a direct result of Defendant's instructions—via written correspondence dated August 12, 2019, for which she incurred out-of-pocket costs in the form of paid postage.

82. Plaintiff did not attempt to address her concerns to Defendant over the telephone because she understood from Defendant's letter that such telephone calls were not possible.

83. Defendant's actions invaded a specific private right created by Congress, and the invasion of that right creates the risk of real harm. *See Church*, 654 F. App'x at 995.

84. Moreover, Plaintiff suffered actual damages by paying postage to mail a written dispute to Defendant's offices when she could have disputed the debt by telephone, had she not been misled.

### Count III: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e

85. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 54 above.

86. The FDCPA at 15 U.S.C. § 1692e provides "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

87. While Defendant included the validation notice required by 15 U.S.C. § 1692g(a) with the appropriate verbiage for section 1692g(a)(3) in particular, in the body of that same communication, Defendant made clear that it would accept *only* written disputes. *See* Ex. A at 2.

88. This requirement was buttressed by Defendant's simultaneous warnings that its office does not make outgoing calls on account of the FDCPA, that any messages left by consumers would not be returned, and that it does not accept telephonic payments. *Id.*

89. Defendant's requirement for written disputes—and corresponding refusal to allow oral disputes—was deceptive and misleading given that oral disputes *are* allowed under the law, yet Defendant's requirement made it unlikely the least sophisticated consumer would understand that she could invoke her validation rights over the telephone or by other oral means if she wanted.

90. To be sure, while written disputes trigger different protections under the FDCPA than do oral disputes, such oral disputes remain viable under the law and serve to protect consumers in various ways. *See Riccio*, 2020 WL 1527072, at *1 ("[D]ebt collectors are

prohibited from reporting disputed debts to credit agencies without noting the fact of a dispute. *See* § 1692e(8) (prohibiting collectors from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed"). Finally, collectors seeking payments on multiple debts owed by the same debtor cannot apply a payment to any disputed debts. *See* § 1692h ("If any consumer owes multiple debts and makes any single payment to any debt collector with respect to such debts, such debt collector may not apply such payment to any debt which is disputed by the consumer and, where applicable, shall apply such payment in accordance with the consumer's directions.").").

91. By advising Plaintiff that all disputes need be in writing, Defendant's July 29 letter therefore used a false, deceptive, or misleading representation in connection with the collection of a debt.

92. As a result, Defendant's July 29 letter violated the FDCPA at section 1692e.

93. The harm suffered by Plaintiff is particularized in that the violative initial debt collection letter at issue was sent to her personally and regarded her personal alleged Debt.

94. And the violation of Plaintiff's right not to be the target of misleading debt collection communications is a concrete injury sufficient to confer standing.

95. Indeed, the harm Plaintiff alleges here—being misled by a debt collector about the rights afforded her under the FDCPA—is precisely the type of abusive debt collection practice that the FDCPA was designed to prevent.

96. Moreover, Plaintiff suffered actual damages by paying postage to mail a written dispute to Defendant's offices when she could have disputed the debt by telephone, had she not been misled.

**WHEREFORE**, Plaintiff respectfully requests relief and judgment as follows:

A. Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

B. Adjudging and declaring that Defendant violated 15 U.S.C. §§ 1692g(a)(3), 1692g(b), and 1692e;

C. Awarding Plaintiff and members of the class statutory damages pursuant to 15 U.S.C. § 1692k;

D. Awarding Plaintiff and members of the class actual damages incurred, as applicable, pursuant to 15 U.S.C. § 1692k;

E. Enjoining Defendant from future violations of 15 U.S.C. §§ 1692g(a)(3), 1692g(b), and 1692e with respect to Plaintiff and the class;

F. Awarding Plaintiff and members of the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

G. Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

H. Awarding other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff is entitled to, and hereby demands, a trial by jury.

Dated:  April 17, 2020                    Respectfully submitted,

/s/ *Jesse S. Johnson*
James L. Davidson
Florida Bar No. 723371
Jesse S. Johnson
Florida Bar No. 69154
Greenwald Davidson Radbil PLLC
7601 N. Federal Highway, Suite A-230
Boca Raton, FL 33487
Tel: (561) 826-5477
jdavidson@gdrlawfirm.com
jjohnson@gdrlawfirm.com

*Counsel for Plaintiff and the proposed class*