## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**TAMBERLY T. BROCKMAN,** on behalf of herself and others similarly situated,

    Plaintiff,

v.                                                                                  Case No: 8:20-cv-893-T-35JSS

**MANKIN LAW GROUP, P.A.,**

    Defendant.

_____

### ORDER OF FINAL APPROVAL AND JUDGMENT

**THIS CAUSE** comes before the Court for consideration of Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement and Individual Awards. (Dkt. 20)

On July 20, 2020, Tamberly T. Brockman ("Plaintiff") filed her unopposed motion to preliminarily approve the parties' proposed class settlement.

On July 30, 2020, Mankin Law Group, P.A. ("Defendant") served on all relevant authorities the Class Action Fairness Act ("CAFA") notice required by 28 U.S.C. § 1715.

On October 14, 2020, this Court preliminarily approved the parties' proposed settlement.

On November 4, 2020, First Class, Inc. distributed notice of the parties' proposed class settlement, as ordered.

On November 13, 2020, Plaintiff filed her unopposed motion for approval of an award of attorneys' fees, costs, and litigation expenses to class counsel.

On February 9, 2021, Plaintiff filed her unopposed motion to finally approve the parties' proposed settlement.

On March 9, 2021, this Court held a fairness hearing regarding Plaintiff's and Defendant's proposed settlement.

Having considered Plaintiff's unopposed motions, this Court finally approves the proposed settlement. Accordingly, the Court hereby **ORDERS** that Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement and Individual Awards, (Dkt. 20), is **GRANTED**.

This Court also confirms that it has jurisdiction over this matter and the parties to it.

This Court confirms its certification of the following class, for settlement purposes, under Rule 23(b)(3) of the Federal Rules of Civil Procedure:

> All persons (a) whom Mankin Law Group, P.A. mailed to a Florida address an initial debt collection communication, (b) not known to be returned as undeliverable, (c) in connection with the collection of a consumer debt, (d) between April 17, 2019 and April 23, 2020, (e) that stated: "All disputes must be in writing."

This Court finds that this matter meets the applicable prerequisites for class action treatment under Rule 23, namely:

1. The class members are so numerous that joinder of all of them is impracticable;

2. There are questions of law and fact common to the class members, which predominate over any individual questions;

3. Plaintiff's claims are typical of the class members' claims;

4. Plaintiff and class counsel have fairly and adequately represented and protected the interests of all of the class members; and

5. Class treatment of Plaintiff's claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

*Johnston v. Kass Shuler, P.A.*, No. 16-3390, 2017 WL 1231070, at *1 (M.D. Fla. Mar. 29, 2017) (Merryday, J.) (certifying settlement class under the Fair Debt Collection Practices Act ("FDCPA")).

This Court also confirms its appointment of Tamberly T. Brockman as class representative for the class, and the following attorney and law firm as class counsel for class members:

> Jesse S. Johnson
> Greenwald Davidson Radbil PLLC
> 7601 N. Federal Highway, Suite A-230
> Boca Raton, Florida 33487

*See id.*, at *1 (appointing Greenwald Davidson Radbil PLLC class counsel in FDCPA litigation); *Roundtree v. Bush Ross, P.A.*, 304 F.R.D 644, 661, 664 (M.D. Fla. 2015) (Whittemore, J.) (same).

This Court approves the terms of the parties' settlement, the material terms of which include, but are not limited to:

1. Defendant will create a class settlement fund ("Settlement Fund") in the amount of $24,000, which will be distributed on a pro-rata basis to all class members who submitted valid and timely claim forms, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii).

2. Defendant separately will pay to Plaintiff $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i), and an additional $2,000 for her broader individual release of claims.

3. Defendant separately will pay all costs of class notice and administration of the settlement separate and apart from any monies paid to Plaintiff, class members, or class counsel.

This Court additionally finds that the parties' notice of class action settlement, and the distribution thereof, satisfied the requirements of due process under the Constitution and Rule 23(e), that it was the best practicable under the circumstances, and that it constitutes due and sufficient notice to all persons entitled to notice of class action settlement.

This Court similarly finds that the parties' notice of class action settlement was adequate and gave all class members sufficient information to enable them to make informed decisions as to the parties' proposed settlement, and the right to object to, or opt-out of, it.

This Court additionally finds that Plaintiff's and Defendant's settlement, on the terms and conditions set forth in their class action settlement agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the class members. The $24,000 Settlement Fund for class members is more than adequate considering (1) the substantial monetary benefits to the class members, as well as the prospective relief afforded all consumers by way of Defendant's changed collections practices; (2) the strengths and weaknesses of Plaintiff's case on the merits and on the propriety of class certification; (3) the anticipated duration, complexity, and expense

of additional litigation, including contested class certification and summary judgment motion practice, plus potentially trial and appeals thereafter; (4) the risk and delay inherent in such additional litigation and possible appeals, including the risks of establishing damages given the permissive nature of statutory damages under the FDCPA; (5) the limited amount of any potential total recovery for the class, given the cap on statutory damages for claims brought pursuant to the FDCPA; and (6) the opinion of class counsel, who are highly experienced in this area of consumer protection class action litigation. *See Leverso v. SouthTrust Bank of AL., N.A.*, 18 F.3d 1527, 1530 (11th Cir. 1994).

This Court finds that the class members were given a fair and reasonable opportunity to object to the settlement. No class member objected to the settlement. The two class members who made valid and timely requests for exclusion are excluded from the class and settlement and are not bound by this order. Those persons are: Maralyn Reynolds and Michael Brian Reynolds.

This order is binding on all class members, except those individuals who validly and timely excluded themselves from the settlement.

This Court approves the individual and class releases set forth in the class action settlement agreement. The released claims are consequently compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this order.

This Court awards a total of $32,500 for class counsel's attorneys' fees and reimbursement of related litigation costs and expenses. This award is reasonable in

light of class counsel's hourly rates and the time invested in this matter to bring it to a successful conclusion, as well as the successful result for class members.

The Court approves the payment of $1,000 to Plaintiff in statutory damages, and an additional $2,000. The Court finds this award appropriate given the broader individual release of claims she has provided to Defendant in comparison to absent class members. These payments are to be made by Defendant separate and apart from the monies paid to class members, and thus will not diminish class members' recoveries.

This action is dismissed with prejudice as to all other issues and as to all parties and claims.

This Court retains continuing and exclusive jurisdiction over the parties and all matters relating this matter, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order for a period of **ninety (90) days** to permit payments to be made and the settlement to be fully consummated.

**DONE** and **ORDERED** in Tampa, Florida, this 10th day of March 2021.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person

6